IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERRY L. SLOAN, #15599062, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2663-S-BK |
| | § | |
| DR. RATLIFF, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Although Plaintiff paid the filing fee, the Court did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED**.

I. BACKGROUND

On July 23, 2021, *pro se* Plaintiff Kerry L. Sloan, a federal prisoner at FCI Seagoville, filed a suit under the Federal Tort Claims Act ("FTCA") in the United States Court of Federal Claims. Doc. 1. He alleged that he suffered personal injuries because of negligence, medical malpractice, and deliberate indifference by Bureau of Prisons ("BOP") employees. Doc. 1 at 2-6 (citing both the FTCA and the Eighth Amendment). The Court of Federal Claims later transferred the case to this Court. Doc. 12. This Court issued a questionnaire to permit Sloan to expound on the factual allegations in his complaint. Doc. 17. With his answers to the questionnaire, Sloan encloses an amended complaint (the operative complaint) suing FCI Seagoville prison officials: Dr. Ratlif, Dr. Carter, Dr. Arredondo, Dr. Wilson, Unit Team

Manager Tavares, Medical Administrator Blackman, RN Ratliff, Warden Zook, Officers Laverman, Nelson, and Weaver, and John Doe officers. Doc. 18 at 20-21; *see also* Doc. 18 at 15 (naming same individuals in his answers to the questionnaire).[1]

The operative complaint and answers to the questionnaire are not a model of clarity, however. Sloan asserts "a Tort/Bivens Claim . . . for damages and injunctive relief under 1346(b)(l) alleging negligence and malpractice in violation of the Eighth Amendment" and "the torts of assault . . . battery and negligence." Doc. 18 at 20.[2] He advances a laundry list of grievances—largely conclusory—spanning over several months. Doc. 18 at 21-29. Sloan avers that he suffers from degenerative join disease, increased glucose levels, decreased respiratory capacity and post-traumatic stress syndrome ("PTSD"). Doc. 18 at 15. As best the Court can glean from his pleadings, he complains that he was denied treatment for his neck, back, right hip, long COVID symptoms and PTSD. Doc. 18 at 21; Doc. 18 at 32-37. Sloan alleges that the medical staff "displayed . . . carelessness, gross neglect, and inattentive omission" and that Zook was negligent in overseeing them. Doc. 18 at 28; Doc. 18 at 21-23. Also, he asserts that Dr. Wilson failed to recognize his mental-health needs and Dr. Arredondo subjected him to an unprofessional mental health evaluation. Doc. 18 at 25-28.

Sloan seeks injunctive and monetary relief. Doc. 18 at 23-24. He requests that Zook hire a contractor to clean the HVAC ducts and that the medical staff provide (1) a back and neck

---

[1] Sloan encloses over 120 pages of exhibits, including excerpts from his medical records, the administrative tort claim, and the Court of Federal Claims. Doc. 18; *see also* Doc. 22. The Clerk of the Court conformed the docket to include the individual Defendants.

[2] Since Sloan mentions *Bivens*, his claims are considered under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Sloan also challenges his "confinement in segregation" on due process grounds. Doc. 18 at 20. But he raised that claim in No. 3:21-CV-2684-G-BK, a related case, and it should therefore be dismissed as duplicative.

consultation, (2) cardio pulmonary and mental health evaluations, (3) physical therapy for the cervical vertebrae, and (4) treatment for long COVID.[3]  Doc. 18 at 23.

As detailed below, Sloan has not pled a legally cognizable FTCA claim and *Bivens* does not extend to his medical care claims.  His complaint should therefore be dismissed.

## II. ANALYSIS

### A. Jurisdiction Lacking Over FTCA Claims

The Court should always examine, sua sponte, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001).  Upon review and for the reasons stated here, the Court concludes it lacks jurisdiction over Sloan's FTCA claims.

The FTCA waives the United States' sovereign immunity from tort suits.  28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1).  The proper defendant in a case brought under the FTCA is the United States of America, not an agency or its employees.  *Galvin v. Occup. Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.").  Sloan did not include the United States as a defendant in his operative complaint or answers to the questionnaire and sued only individual Defendants.  Doc. 18 at 15, 20-21; *see also* Doc. 1 at 1 (the original complaint names the BOP, not the United States, as a defendant); Doc. 27 at 1 (the *Motion to Proceed* lists only Defendant Zook).  In other words, Sloan failed to "name the United States as the sole defendant" in any of his pleadings, *McGuire,*

---

[3] Sloan also requests that Zook expunge his disciplinary conviction, Doc. 18 at 23, however, that request is not cognizable in this civil action and, therefore, should be dismissed.

137 F.3d at 324, and the individual Defendants cannot be sued under the FTCA. Accordingly, the Court lacks jurisdiction over Sloan's tort claims.

### B. Preliminary Screening of Remaining Claims

Although Sloan paid the applicable filing fee, his remaining claims are still subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding § 1915A screening applies to all prisoners' actions against governmental entities, their officers and employees, whether or not the prisoner is proceeding *in forma pauperis*). That section provides for the sua sponte dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Sloan's remaining claims should be dismissed for failure to state a claim.

#### 1. *Injunctive Relief and Official Capacity Claims Fail*

Sloan sues the individual Defendants under *Bivens* based on the same events for which he seeks redress under the FTCA. Doc. 18 at 20-29. As noted, he requests both injunctive and

monetary relief.  Doc. 18 at 23-24.  *Bivens*, however, authorizes only money damages, not injunctive relief, against individual federal officers.  *See Patel v. Santana*, 348 F. App'x 974, 976 (5th Cir. 2009) ("[I]njunctive relief against the BOP . . . [is] a form of relief that would not be proper under *Bivens*.").  Moreover, to the extent Sloan seeks monetary damages against the Defendants in their official capacity, those claims are barred by sovereign immunity because the officials' actions are considered the actions of the federal agency by whom the officials are employed.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citations omitted)).  Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent.  *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (internal quotations and citations omitted)).  Also, federal agencies, such as the BOP, cannot be sued under *Bivens*.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-86 (1994); *Watkins v. Carter*, No. 20-40234, 2021 WL 4533206, at *3 (5th Cir. Oct. 4, 2021) (dismissing claim for damages claim against the BOP).

      1. *Bivens Does Not Extend to Permit Sloan's Individual Capacity Claims*

Sloan also seeks monetary damages against the Defendants in their individual capacities for the denial of medical care.  *Bivens*, however, does not extend to these claims as explained below.  Recently, the Supreme Court reiterated that expanding *Bivens* causes of action is "a 'disfavored' judicial activity."  *Egbert v. Boule*, --- U.S. ---, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)).  "[S]eparation-of-powers principles are

. . . central to the analysis" of *Bivens*' expansion, and the question is whether Congress or the courts should decide to authorize a damages suit. *Ziglar*, 137 S. Ct. at 1857.

Thus, the Supreme Court has developed a two-part test to determine whether a *Bivens* claim may proceed. *Egbert*, 142 S. Ct. at 1803. First, a court must ask whether the plaintiff's claim "presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* Second, if it is, the court asks whether there are "special factors counselling hesitation" in extending the *Bivens* remedy. *Ziglar*, 137 S. Ct. at 1857–60. These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (citations omitted).

The Supreme Court has extended *Bivens* claims to only those arising from three specific factual scenarios:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91 S. Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Virtually everything else is a 'new context'" *id*. (citations omitted), because a case needs only be "different in [one] meaningful way from previous *Bivens* cases" for the context to be new, *Ziglar,* 137 S. Ct. at 1859.

Of the three recognized *Bivens* actions, Sloan's case is most like *Carlson* because it involves alleged violations concerning medical care under the Eighth Amendment. Sloan's case, however, differs from *Carlson* in more than one meaningful way. First, the Defendants' conduct at issue differs markedly from that in *Carlson*. Sloan's medical conditions are vastly less serious. He does not suffer from chronic, mistreated asthma. Although the Court does not downplay Sloan's medical conditions, his overall injuries are "measurably less serious than that in *Carlson*, as he obviously does not allege a significant failure of the medical delivery system that led to the prisoner's death." *Manzo v. Mateware, et al.*, No. 3:19-CV-812-S-BK, 2021 WL 6284098, at *4 (N.D. Tex. Dec. 13, 2021), *R. & R. adopted*, 2022 WL 48395 (N.D. Tex. Jan. 5, 2022), *aff'd on other grounds*, 2022 WL 5101930 (5th Cir. Oct. 4, 2022). Simply stated, Sloan's claims "differ in both 'type and severity' from *Carlson*" and thus they present a new *Bivens* context. *Manzo*, 2021 WL 6284098, at *4 (finding delay and denial of medical treatment resulting in irreversible retinal damage and partial loss of eyesight were a new context); *Vaughn v. Bassett*, No. 1:19cv129-C, 2022 WL 4299720, at *3 (N.D. Tex. Sep. 19, 2022), *notice of appeal filed*, No. 22-10962 (Oct. 6, 2022) (same finding as to delay in consultation with surgeon that foreclosed surgery as a safe treatment option for injury to cheek bone).

"This 'substantial difference in the factual context of the two cases is sufficient for this Court to conclude that the Eighth Amendment claim asserted here presents a new *Bivens* context.'" *Manzo*, 2021 WL 6284098, at *4 (citations omitted); *see Dissler v. Zook*, No. 3:20-CV-00942-D(BT), 2021 WL 2598689, at *4 (N.D. Tex. May 7, 2021), *R. & R. adopted*, 2021 WL 2589706 (N.D. Tex. June 23, 2021) (same for inadequate dental treatment claim); *Nabaya v. Bureau of Prisons*, No. 3:19-CV-215-L-BN, 2020 WL 7029909, at *4 (N.D. Tex. Oct. 7, 2020)

(same for periodontal care claim "vastly less serious" than in *Carlson*), *R. & R. adopted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020).

Second, there are special factors counseling hesitation in extending the *Bivens* remedy to this new context. The BOP's administrative remedy program offers Sloan an alternative method to raise his claims. *See Watkins*, 2021 WL 4533206, at *2. Since *Zigler*, many courts have recognized the BOP's administrative remedy program as an alternative process and a special factor that forecloses expansion of the *Bivens* remedy. *See Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766 (2022). Likewise, the FTCA offers an alternative remedial scheme and, as such, weighs against inferring a new *Bivens* cause of action. *See Oliva,* 973 F.3d at 444 (citing 28 U.S.C. § 2680(h)). Also, courts have deferred to prison officials' decision making and such wide-ranging deference cautions against creating a new remedy in this area. *Butler*, 999 F.3d at 295 ("Running a prison . . . requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." (cleaned up) (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987))).

Finally, Sloan's failure to state a claim is another sound reason to exercise caution in this case. "The lack of merit of the claims . . . and whether to find a remedy merge to weigh against the creation of a *Bivens* remedy." *Manzo*, 2021 WL 6284098, at *5 (citations omitted). Sloan's allegations lack the requisite factual enhancement from which it could be inferred that the Defendants acted with deliberate indifference to a serious medical need, such that it constituted "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citations omitted). "[D]eliberate indifference is 'an  extremely high standard.'" *Petzold v. Rostollan*, 946 F.3d 242, 248-49 (5th Cir. 2019) (citations omitted). A prison official acts with

deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (cleaned up) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (citations omitted). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Id.* (citations omitted).

Sloan's amended complaint and answers to the questionnaire allege no facts from which it can be inferred that Defendants were deliberately indifferent to his conditions or that the alleged delay in medical care resulted in substantial harm. At most, his allegations amount to negligence and medical malpractice, which Sloan reiterates throughout his pleadings. Neither negligent medical care nor medical malpractice amount to a constitutional violation, however. *Estelle*, 429 U.S. at 106. Stated differently, deliberate indifference "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001); s*ee also Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." (citations omitted)). Thus, Sloan has failed to set forth plausible claims that Defendants violated his constitutional rights.

In addition, Warden Zook may not be held liable under *Bivens* for supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the theories of *respondeat superior* or vicarious liability do

not provide a basis for liability).  Rather, to impose liability against a supervisory official, the plaintiff must establish the defendant's (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Turner v. Lt. Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017).

Sloan sues Zook because she failed to adequately "supervise and control the negligence" of the subordinate federal officers named as Defendant in this case.  Doc. 18 at 22.  He asserts that she failed to (1) "take disciplinary or other action to curb the known pattern of negligence . . . by Arredondo and Weaver," and (2) provide follow up medical examinations and treatment.  Doc. 18 at 21-22.  Sloan also maintains that Zook "had prior knowledge of [the] gross negligence" of her subordinates because he had completed all steps of the grievance process.  Doc. 18 at 21-22.

Yet Sloan alleges no facts that implicate Zook's personal conduct in the incidents complained of.  While he points in general to past events, he adduces no facts reasonably suggesting that the supposed Eighth Amendment claims at issue were in any way because of Zook's individual actions.  Therefore, his claims against Zook lack facial plausibility.

Lastly, Sloan complains of "the torts of assault . . . battery and negligence."  Doc. 8 at 9.  State-law tort claims, however, do not implicate a federal constitutional right redressable under *Bivens*.  *See Hull v. City of Duncanville*, 678 F.2d 582, 585 (5th Cir. 1982) ("Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." (quoting *Baker v. McCollan*, 443 U.S. 137, 146 (1979)); *see also Butts v. Martin*, 877 F.3d 571, 589 (5th Cir. 2017) (a *Bivens* action is analogous to an action under § 1983 and as such shares the same substantive standards).

In sum, because Sloan's claims involve a new context and there are special factors that counsel hesitation—alternative remedies are available to him and he fails to state plausible constitutional claims—the Court finds that Sloan claims are not cognizable under *Bivens* and should be dismissed.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Here, based on the legal theories and facts Sloan posits, he cannot, as a matter of law, state a plausible legal claim. In addition, the Court has already permitted him to supplement his complaint by his Answers to the Magistrate Judge's Questionnaire and he filed an amended complaint. Thus, the Court concludes that Sloan has already pled his best case and granting further leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Sloan's FTCA claims should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and his *Bivens* claims should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on December 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).